IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY BROWN, | |
| Plaintiff, | CIVIL ACTION |
| v. | COMPLAINT 1:18-cv-00195 |
| SHELLPOINT MORTGAGE SERVICING, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, NANCY BROWN, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, SHELLPOINT MORTGAGE SERVICING, LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq*. ("FDCPA").

2. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692a.

3. It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Id*.

1

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists over the FDCPA claim(s) under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

5. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

6. NANCY R. BROWN ("Brown") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 143 Carolyn Drive, Columbus, Missouri 39702-8900.

7. Brown is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. SHELLPOINT MORTGAGE SERVICING, LLC ("Shellpoint") manages mortgage loans. The company represents various lenders. It offers solutions for loan foreclosure, repayment plan, unemployment forbearance, loan modification, home affordable modification program, and short sale. The company was formerly known as Resurgent Mortgage Servicing. As a result of the acquisition of Resurgent Mortgage Servicing by New Penn Financial, LLC, Resurgent Mortgage Servicing's name was changed. The company is based in Greenville, South Carolina with an additional office in Houston, Texas. As of March 3, 2014, Shellpoint operates as a subsidiary of New Penn Financial, LLC.

9. Shellpoint is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Shellpoint uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

11. On April 20, 2007, Brown executed a mortgage in favor of First Magnus Financial Corporation to secure a note in the amount of $150,500.00 ("mortgage loan") to finance the purchase of the property located at 7715N Hermitage Avenue, Apartment 2J, Chicago, Illinois 60626 ("property"). The property served as Brown's principal residence.

12. On or about February 1, 2014, having suffered financial hardship, Brown defaulted on her mortgage loan.

13. On February 28, 2014, Brown filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

14. The schedules filed by Brown listed Ocwen Loan Servicing, LLC on Schedule D - Creditors Holding Secured Claims.

15. The plan filed by Brown provided for the surrender of the property to Ocwen Loan Servicing, LLC in full satisfaction of their secured claim.

16. On or before July 10, 2015, First Magnus Financial Corporation assigned and transferred all its rights, title and interests to Residential Credit Solutions, Inc. ("RCS").

17. On or before July 8, 2016, RCS assigned and transferred all its rights, title and interests to Ditech Financial LLC ("Ditech").

18. On July 21, 2016, Brown was granted an order of discharge pursuant to section 1328(a) of the Bankruptcy Code.

19. The order of discharge prohibited creditors from attempting to collect Brown's mortgage loan from Brown personally.

20. On or before September 16, 2017, Ditech assigned and transferred all its rights, title and interests to Shellpoint.

21. On September 26, 2017, Shellpoint sent Brown a "Welcome Letter", with a payment coupon attached, which provided that the "Monthly Payment Amount" was $739.91 and the "First Payment Due Date" was 02/01/2014. *See* Exhibit A, a true and correct copy of the Welcome Letter.

22. This Welcome Letter consists of five pages on Shellpoint letterhead, includes a payment coupon, and seven pages of attachments.

23. In the body of the Welcome Letter, Shellpoint notified Brown that Shellpoint had become her mortgage loan servicer: The text begins: "Shellpoint would like to welcome and inform you that effective 09/16/2017, the servicing of your loan has transferred or will transfer from Ditech to Shellpoint."

24. Further, it informed Brown that her loan number has been changed and instructed her that "[o]n or before September 16, 2017, your payments should be made payable to Shellpoint."

25. The Welcome Letter's eleventh page (the seventh page of the attachment) plays a pivotal role here, and provides, in pertinent part: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

## DAMAGES

26. Shellpoint's unlawful collection activity has resulted in severe injury to Brown in the form of aggravation, confusion, and frustration – as Brown was led to believe that the filing of her bankruptcy case had no legal effect.

## COUNT I – VIOLATION(S) OF THE FDCPA
## 15 U.S.C. § 1692e(2) – FALSE OR MISLEADING REPRESENTATIONS

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Shellpoint is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

30. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

31. A demand for immediate payment while a debtor is in bankruptcy is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

32. Shellpoint violated 15 U.S.C. § 1692e(2) by falsely representing that the mortgage loan was due at the time the Welcome Letter was sent.

33. Brown may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Brown requests the following relief:

a. find that Shellpoint violated 15 U.S.C. § 1692e(2);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FDCPA
### 15 U.S.C. § 1692e(10) – FALSE OR MISLEADING REPRESENTATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

36. Shellpoint violated 15 U.S.C. § 1692e(10) by falsely representing to Brown in the Welcome Letter that the mortgage loan was due.

37. Brown may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Brown requests the following relief:

a. find that Shellpoint violated 15 U.S.C. § 1692e(10);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

January 10, 2018                                                         Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Nancy R. Brown*